IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| HENRY MOUNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 08-cv-760-DRH |
| | ) | |
| ROGER E. WALKER, JR., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Plaintiff, an inmate at Tamms Correctional Center, brings this action for deprivation of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>   (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>   (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). A

complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. ___, 2009 WL 1361536, *13 (May 18, 2009). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are legally frivolous and thus subject to summary dismissal.

## THE COMPLAINT

Plaintiff alleges that between 2005-2008 he made frequent complaints to medical staff that he was experiencing a sore throat, loss of voice, and occasional vomiting. Plaintiff asserts that the medical staff sometimes ignored his complaints and, at other times, gave him only a cold medicine. Plaintiff was ultimately examined by a throat specialist and, in 2008, Plaintiff was diagnosed with throat cancer. To treat his cancer, Plaintiff was scheduled to receive 37 radiation treatments between July 15, 2008 and September 11, 2008. Plaintiff contends, however, that he missed 10 of his radiation treatments because Caliper, Powers, and the mental health staff "harass[ed] and allow[ed] [him] to be harassed by security staff and falsified medical reports stating [Plaintiff] refused 10 radiation treatments." Plaintiff contends that between 2005 and 2008, he wrote to Defendants McCann, Merchant, Frey, Lambert, Jones, Pattison, and Bartley concerning the denial of medical care.

Additionally, Plaintiff alleges that he is being discriminated against because of his mental illness in violation of the Rehabilitation Act. Plaintiff contends that the discriminatory act is not allowing him to participate in group therapy sessions or individual activity therapy sessions at Tamms.

Based on the allegations of the complaint, the Court finds it convenient to divide

Plaintiff's *pro se* action into two counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

> **COUNT 1:** Against Defendants Caliper, Powers, Unknown Nurses, McCann, Merchant, Pattison, Jones, Frey, Lambert, and Bartley for denying him adequate medical treatment for his throat cancer by preventing him from obtaining all of the prescribed radiation treatments in violation of Plaintiff's Eighth Amendment Rights.
>
> **COUNT 2:** Against Defendants Walker, Frey, McCann, Merchant, Hammersley, Jones, Pattison, Powers, Caliper, Couch, Bartley, Lambert, Clover, Guetersloh, Evans, and Unknown Nurses for discriminating against Plaintiff in violation of the Rehabilitation Act by not allowing him to participate in various therapy programs.

## DISCUSSION

**A. Medical claim (Count 1).**

Deliberate indifference to the serious medical needs of prisoners may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994). Deliberate indifference encompasses a broader range of conduct than intentional denial of necessary medical treatment, but it stops short of "negligen[ce] in diagnosing or treating a medical condition." *Estelle,* 429 U.S. at 106. *See also Jones v. Simek,* 193 F.3d 485, 489 (7th Cir. 1999); *Steele v. Choi*, 82 F.3d 175, 178 (7th Cir. 1996), *cert. denied,* 519 U.S. 897 (1996).

> A prisoner raising an Eighth Amendment claim against a prison official therefore must satisfy two requirements. The first one is an objective standard: "[T]he deprivation alleged must be, objectively, 'sufficiently serious.'" *Farmer*, 511 U.S. at —, 114 S.Ct. at 1977. As the Court explained in *Farmer*, "a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." *Id.* The second requirement is a subjective one: "[A] prison official must have a 'sufficiently culpable state of mind,'" one that the Court has defined as "deliberate indifference." *Id; see Hudson v. McMillian*, 503 U.S. 1, 5, 112 S.Ct. 995, 998, 117 L.Ed.2d 156 (1992) ("[T]he appropriate inquiry when an inmate alleges that prison officials failed to attend to serious medical

> needs is whether the officials exhibited 'deliberate indifference.'"); *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976) ("[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain.'").

*Vance v. Peters,* 97 F.3d 987, 991-992 (7th Cir. 1996), *cert. denied,* 520 U.S. 1230 (1997).

A defendant's inadvertent error, negligence or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation. *Williams v. O'Leary*, 55 F.3d 320, 324 (7th Cir.), *cert. denied,* 516 U.S. 993 (1995).

If the complaint had alleged only that the defendant nurses had erroneously diagnosed Plaintiff's throat condition as a cold, the complaint would fail to state a claim under the Eighth Amendment. But, the complaint further alleges that Defendants "Caliper and Powers and mental health staff prevented Plaintiff from taking all 37 radiation treatments." Intentionally preventing Plaintiff from obtaining his prescribed radiation treatments for his throat cancers states an arguable claim under Eighth Amendment. Therefore, Plaintiff's claim that he was denied adequate medical care for his throat cancer survives review under 28 U.S.C. § 1915A and should not be dismissed at this time.

**B. Rehabilitation Act claim (Count 2).**

The Rehabilitation Act, 29 U.S.C. § 794, *et seq.*, prohibits discrimination on the basis of disability in programs conducted by federal agencies or which receive federal financial assistance. The Rehabilitation Act applies to state prisons, *Stanley v. Litscher*, 213 F.3d 340, 343 (7th Cir. 2000), and Congress has abrogated state immunity to suit under it. 42 U.S.C. § 2000d-7. To state a claim under the Rehabilitation Act, however, Plaintiff must allege: (1) he is handicapped under the Act; (2) he is otherwise qualified for the benefit sought; (3) he was discriminated against solely by reason of his handicap; and (4) the program or activity in question receives federal financial assistance. *Grzan v. Charter Hosp. Of Northwest Indiana*,

104 F.3d 116, 119 (7th Cir. 1997).

The instant complaint fails to allege a claim under the Rehabilitation Act. First, an "individual with a disability" as defined in 29 U.S.C. § 705(20) means any individual who

> (i) has a physical or mental impairment which for such individual constitutes or results in a substantial impediment to employment; and
> (ii) can benefit in terms of an employment outcome from vocational rehabilitation services provided pursuant to subchapter I, III, or VI of this chapter [29 U.S.C.A. §§ 720 et seq., 771 et seq., or 795 et seq.].

29 U.S.C. § 705(20). Plaintiff's allegation that he suffers from vauge "mental illness" does not sufficiently state that he suffers from a mental impairment that "constitutes or results in a substantial impairment to employment." Second, the complaint fails to allege that the specific programs to which Plaintiff wants access receive federal financial assistance. Therefore, Plaintiff's Rehabilitation Act claim must be dismissed.

**C. Motion to appoint counsel.**

Also before the Court is Plaintiff's motion to appoint counsel (Doc. 3). . There is no absolute right to appointment of counsel in a civil case. *Cook v. Bounds*, 518 F.2d 779 (4th Cir. 1975); *Peterson v. Nadler*, 452 F.2d 754 (8th Cir. 1971). When presented with a request to appoint counsel, the Court must make the following inquiries: "(1) has the ... plaintiff made a reasonable attempt to obtain counsel or effectively been precluded from doing so and (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself." *Pruitt v. Mote*, 503 F.3d647, 854-55 (7th Cir. 2007). With regard to the first step of the inquiry, there is no indication at all whether Plaintiff has attempted to obtain counsel or been effectively precluded from doing so. Therefore, Plaintiff's motion to appoint counsel (Doc. 3) will be **DENIED** without prejudice.

**DISPOSITION**

Count 2 of the complaint is **DISMISSED**, without prejudice, for failing to properly allege a claim under the Rehabilitation Act. Plaintiff is advised that the dismissal of Count 2 will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

Because there are no claims pending against them, Defendants Walker, Illinois Department of Corrections, Hammersley, Couch, Clover, Guetersloh, and Evans are **DISMISSED** from this action.

Plaintiff's motion to appoint counsel (Doc. 3) is **DENIED** without prejudice.

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendants **Frey, McCann, Merchant, Jones, Pattison, Powers, Caliper, Bartley, and Lambert**. The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendants **Frey, McCann, Merchant, Jones, Pattison, Powers, Caliper, Bartley, and Lambert** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure. Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order. For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form. Service shall not be made on the Unknown Party (nurses) Defendants until such time as Plaintiff has identified them by name on a USM-285 form and in a properly filed amended complaint. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

With respect to former employees of Illinois Department of Corrections who no longer can be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from I.D.O.C. pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to

defendant or his counsel.  Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts.  This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

If Plaintiff does not comply with this Order, this case will be dismissed for failure to comply with an order of this Court.  FED.R.CIV.P. 41(b); *see generally Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997)*; Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994).

**DATED:** July 16, 2009.

      /s/   DavidRHerndon
      **DISTRICT JUDGE**