### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **HENRY MOUNSON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | )  Case No.  08-cv-760-DRH-PMF |
| | ) |
| **ROBERT S. FREY, et al.**, | ) |
| | ) |
| **Defendants.** | ) |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court are plaintiff's motions for leave to amend (Doc. Nos. 60, 65).  Plaintiff is proceeding on a § 1983 claim against prison officials and employees, claiming that they responded with deliberate indifference to his serious medical need for treatment of throat cancer.  He filed this action against known and unknown defendants in October, 2008.  Pursuant to a scheduling order, unidentified defendants were to be named by December 18, 2009 (Doc. No. 32).  Discovery is scheduled to be completed in August, 2010.  A deadline for motions raising an affirmative defense recently expired.

Plaintiff has submitted his proposed Third Amended Complaint.  The purpose of this proposed amendment is two-fold: to supplement Count 1 by naming nurses who were previously unidentified (Camille Malone, Kathy Butler, Claudia Leslie, John Miller, Julie Kline, Marilyn Melton, Jocelyn Hamby, Rebecca Hoover, Lakesha Hamby, Rebecca Fornear, Nigel Vineyard, Connie Kerr-Barbatti, Stacey Williamson, Kristi Watson, Delores Humble, Shelby Dunn, Laura Qualls, Kathy Reynolds, Linda Mileur, Lana Watkins, Sherri Montgomery, Lavada Pearson, Twyla

Walton, Grace Hart, Carol George, Amy Fisher, India Walker, Lorraine Woods, Rhonna Medlin, Brad McCarthy, Mary Hill, and Donna Swink), and to reinstate and supplement Count 2, which was dismissed during threshold review.

The rule governing amendments to the complaint demands that "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). District courts need not afford an opportunity to amend if the proposed changes would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Moore v. State of Ind.*, 999 F.2d 1125, 1128 (7th Cir. 1993).

With respect to Count 1, plaintiff's medical deliberate indifference claim is governed by a 2-year statute of limitations. *Ashafa v. City of Chicago*, 146 F.3d 459, 462 (7th Cir.1998). Because the events supporting plaintiff's claim date back to 2005, and because plaintiff is changing the names of some defendants, the Court considers whether the proposed Third Amended Complaint relates back to the filing date of the original Complaint.

The proposed amendments to Count 1 will relate back if two criteria are satisfied: (1) Rule 15(c)(1)(B) is satisfied and (2) within the period provided by Rule 4(m) for service of the summons and complaint, the nurses have received such notice of the action that they will not be prejudiced in defending on the merits and knew or should have known that the action would have been brought against them, but for a mistake concerning their identity. Fed. R. Civ. P. 15(c)(1).

The proposed amendments to Count 1 satisfy the first but not the second criteria. The Rule 4(m) period for service of process expired in 2009, and the nurses have not received notice allowing them to defend plaintiff's medical deliberate indifference claim on the merits.[1] Also, subsection

---

[1] The 120-day period for service is calculated from July 16, 2009, the day the United States Marshals Service was appointed to serve process (Doc. No. 6). By implication, that deadline was extended through the end of December, 2009, giving plaintiff more than five months to serve process.

15(c)(1)(C)(ii) is not satisfied because there was no "mistake" concerning the proper party's identity.  *See Worthington v. Wilson*, 8 F.3d 1253, 1255-56 (7th Cir 1993)(distinguishing the correction of a misnomer from lack of knowledge of the proper party's identity).  In these circumstances, the proposed additions to Count 1 are futile.

With respect to Count 2, plaintiff has presented no grounds warranting reconsideration of the prior ruling that the Rehabilitation Act claim is not viable (See Doc. No. 6, pp. 4-5).  This proposed amendment is also futile.

IT IS RECOMMENDED that plaintiff's motions for leave to amend  (Doc. Nos. 60, 65) be DENIED.

IT IS FURTHER RECOMMENDED that the unknown parties be dismissed without prejudice at this time for lack of timely service of process.  Fed. R. Civ. P. 4(m).

**SUBMITTED:**   March 17, 2010  .

　　　　　　　　　　　　　　　　　　　　　　　　　　　**S/ Philip M. Frazier**
　　　　　　　　　　　　　　　　　　　　　　　　　　　**PHILIP M. FRAZIER**
　　　　　　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**