IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

HENRY MOUNSON,

    Plaintiff,

v.

ROBERT S. FREY, et al.,

    Defendants.                                            Case No. 08-cv-760-DRH

**MEMORANDUM & ORDER**

**HERNDON, Chief Judge:**

## I. Introduction

This matter is before the Court on the Report and Recommendations ("R&R") issued pursuant to **28 U.S.C. § 636(b)(1)(B)** by United States Magistrate Judge Frazier (Doc. 80), recommending that Plaintiff's Motions for Leave to Amend his Complaint (Docs. 60, 65) be denied and further recommending that the unknown Parties in this case be dismissed without prejudice for lack of timely service of process. The R&R was sent to the Parties, with a notice informing them of their right to appeal by way of filing "objections" within fourteen days of service of the R&R. Plaintiff has timely filed his Objections (Doc. 88). Accordingly, this Court must undertake *de novo* review of the objected-to portions of the R&R. **28 U.S.C. §**

636(b)(1)(B); FED. R. CIV. P. 72(b); SOUTHERN DISTRICT OF ILLINOIS LOCAL RULE 73.1(b); *Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). The Court may "accept, reject, or modify the recommended decision." *Willis v. Caterpillar Inc.*, 199 F.3d 902, 904 (7th Cir. 1999). In making this determination, the Court must look at all the evidence contained in the record and give fresh consideration to those issues for which specific objection has been made. *Id*. However, the Court need not conduct a *de novo* review of the findings of the R&R for which no objections have been made. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985). Instead, the Court can simply adopt these findings.

## II. Background

Plaintiff, an inmate, has brought a suit against Defendants pursuant to 42 U.S.C. § 1983. He filed his original Complaint on October 30, 2008 (Doc. 1). Currently, Plaintiff brings an Eighth Amendment claim against Defendants for their deliberate indifference to his serious medical needs ("Count 1"). While incarcerated, Plaintiff was diagnosed with throat cancer. He alleges that Defendants intentionally prevented him from receiving all of his prescribed radiation treatments for his throat cancer. Among the Defendants were "Unknown Parties." In an Order dated October 23, 2009 (Doc. 36), the Court granted Plaintiff leave to file his First Amended Complaint (Doc. 37), allowing him to add several new Defendants, but denying the reinstatement and proposed revisions to Count 2 of his Complaint, which plead a

claim for violation of his rights under the Rehabilitation Act, 29 U.S.C. § 794.[1]

Since filing his First Amended Complaint, Plaintiff has twice moved to amend it, in order to again: (1) supplement Count 1 by naming the nurses who had previously been referred to as "Unknown Parties," and (2) to reinstate and supplement Count 2 of his Complaint (Docs. 60, 65).[2] Finding Plaintiff's proposed Second Amended Complaint to be incomplete, the Court issued an Order on February 1, 2010 (Doc. 67), rejecting it and allowing Plaintiff leave to submit a proposed Third Amended Complaint for the Court's consideration.

In considering Plaintiff's proposed amendments as shown in his Third Amended Complaint, the R&R found that because Plaintiff sought to add additional Defendants, he did not meet the requirements to all these claims to "relate back," pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 15(c)** because the additional Defendants did not receive notice allowing them to defend Plaintiff's suit on the merits within the time period provided by **FEDERAL RULE OF CIVIL PROCEDURE 4(m)** (Doc. 80, p. 2). In addition, the R&R noted that Rule 15(c)(1)(C)(ii) was not satisfied because there was no "mistake" concerning the proper party's unknown identity (*Id.* at 3). Therefore, the R&R found such proposed amendments to be "futile" (*Id*). With

---

[1] In its threshold order, conducted pursuant to 28 U.S.C. § 1915A, the Court dismissed Count 2 of Plaintiff's Complaint, without prejudice, for failure to properly allege a claim under the Rehabilitation Act (Doc. 6).

[2] Plaintiff's Motion for Leave to File an Amended Complaint to Add Nurses, Instanter, filed on December 29, 2009 (Doc. 60), seeks to add 32 new Defendants (previously "Unknown Parties") as well as to reinstate and revise his Rehabilitation Act Claim in Count 2. His second Motion for Leave to File an Amended Complaint to Add Nurses, Instanter, filed on January 19, 2010 (Doc. 65), seeks to add the same 32 new Defendants (and does not seem to revise the allegations of Count 1), but does not include Count 2.

respect to Plaintiff's attempt to reinstate and revise his Rehabilitation Act claim in Count 2, which was dismissed without prejudice in threshold, the R&R found Plaintiff had failed to present grounds to warrant a reconsideration of the Court's previous dismissal.  Therefore, the R&R believed this amendment to also be "futile" (*Id.*).

### III.  Discussion

**A.   Rule 15**

Rule 15 of the Federal Rules of Civil Procedure provides that when a party requests to amend its pleadings, a court "should freely give leave when justice so requires." **FED. R. CIV. P. 15(a)(2)**.  When a party seeks to amend a complaint to add a party, claim or otherwise substantially amend allegations outside of the applicable statute of limitations, it may be allowed if the proposed amendment can be found to "relate back" to the date of the original pleading.  **FED. R. CIV. P. 15(c)**. Rule 15(c)(1) sets forth the requirements for when an amendment may "relate back":

> (A) the law that provides the applicable statute of limitations allows relation back;
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>> (ii) knew or should have known that the action would have

>been brought against it, but for a mistake concerning the proper party's identity.

FED. R. CIV. P. 15(c)(1).

B. Analysis

In his Objections to the R&R (Doc. 88), Plaintiff does not specifically object to the R&R's finding that Plaintiff's proposed amendments to add named nurses as Defendants did not properly "relate back" under the requirements of Rule 15(c). Instead, Plaintiff argues that the continuing violation doctrine should apply, thereby making it so that the applicable two-year statute of limitations[3] does not accrue (i.e., begin to run) until the date of the last of Defendants' continuing violations. In support, Plaintiff cites to **Heard v. Sheahan, 253 F.3d 316 (7th Cir. 2001)** and **Cada v. Baxter Healthcare Corp., 420 F.2d 446, 450 (7th Cir. 1991)** (Doc. 88, p. 1).[4] In **Heard**, which involved a § 1983 suit by an inmate for the defendants' deliberate indifference to his serious medical needs, the Seventh Circuit stated:

>But what exactly is a "continuing violation"? A violation is called "continuing," signifying that a plaintiff can reach back to its

---

[3] Count 1 of Plaintiff's Complaint pleads a claim for medical deliberate indifference, which the R&R noted was governed by a two-year statute of limitations (Doc. 80, p. 2, citing **Ashafa v. City of Chicago, 146 F.3d 459, 462 (7th Cir. 1998)**).

[4] The **Cada** opinion Plaintiff cites deals with the equitable estoppel and equitable tolling doctrines, which Plaintiff does not argue is applicable to his case. In any event, the Court does not find equitable tolling would serve to aid Plaintiff's objections, as Plaintiff has not alleged that Defendants equitably estopped (prevented) him from adding the named nurse Defendants in time, nor has he demonstrated that despite his due diligence, he was unaware that he had a deliberate indifference claim until after the statute of limitations period had expired. **See Cada, 420 F.2d at 450-51**.

>beginning even if that beginning lies outside the statutory limitations period, when it would be unreasonable to require or even permit him to sue separately over every incident of the defendant's unlawful conduct.  The injuries about which the plaintiff is complaining in this case are the consequence of a numerous and continuous series of events. . . .  When a single event gives rise to continuing injuries . . . the plaintiff can bring a single suit based on an estimation of his total injuries, and that mode of proceeding is much to be preferred to piecemeal litigation despite the possible loss in accuracy.  But in this case every day that the defendants ignored the plaintiff's request for treatment increased his pain.  Not only would it be unreasonable to require him, as a condition of preserving his right to have a full two years to sue in respect of the last day on which his request was ignored, to bring separate suits two years after each of the earlier days of deliberate indifference; but it would impose an unreasonable burden on the courts to entertain an indefinite number of suits and apportion damages among them.

**Heard, 253 F.3d at 319-20 (citations omitted)**.

The Court agrees with Plaintiff as to the applicability of the continuing violation doctrine to his deliberate indifference claim in Count 1.  As such, relying on the Seventh Circuit's guidance, deliberate indifference to Plaintiff's serious medical needs shall be deemed a continuing violation for which the statute of limitations does not accrue until the violations cease: when treatment is provided or when the Plaintiff is released from custody, whichever occurs first.

Viewing Plaintiff's proposed Third Amended Complaint, he alleges that all of the Defendants (including the named nurses he now seeks to add as Defendants), were intentionally and deliberately indifferent to his "serious medical needs by denying Plaintiff medical care for three (3) years plus before allowing him to be adequately and accurately diagnosed with throat cancer."  Count 1 also alleges that Plaintiff was informed that he was diagnosed with throat cancer in June 2008

(he does not specify the actual date). It also appears that he was thereafter taken for radiation treatments beginning June 15, 2008 through September 11, 2008 (although further allegations state that he was denied ten of his 37 prescribed radiation treatments). Plaintiff alleges that only defendants Caliper, Powers, Couch, Clover, Murray, Baskin, Hammersley, Evans and Kachigian were involved in the alleged prevention of some of his radiation treatments. Therefore, for the purposes of the continuing violations doctrine as it applies to these proposed new Defendants, the applicable two-year statute of limitations period accrued in sometime in June 2008, when Plaintiff was informed of his diagnosis of throat cancer (although Plaintiff does not give an exact date). This is when, the proposed new nurse Defendants ceased their alleged acts of deliberate indifference towards Plaintiff's serious medical need to have his throat cancer diagnosed and treated.

Plaintiff's proposed Third Amended Complaint was, therefore, within the applicable statute of limitations period, as his motions (Docs. 60 & 65) were filed before June 2010. As such, the R&R did not need to apply the relation back analysis. Instead, Plaintiff's requests to amend his Complaint should be analyzed pursuant to **Rule 15(a)(2)**. In other words, Plaintiff cannot amend of right, but must seek either Defendants' consent or leave of Court, because he does not meet the time requirements set forth by Rule 15(a)(1).

Thus, the Court now turns to whether "justice so requires" leave be given to Plaintiff to amend his Complaint in order to add the new nurse Defendants. The Court notes that previously, it rejected Plaintiff's proposed Second Amended

Complaint, which also attempted to add the new nurse Defendants, finding that his allegations failed to attribute specific conduct to any of these new nurse Defendants. Further, recognizing that liability under § 1983 must be based on individual acts or omissions, the Court found it could not infer from such broad and vague allegations that Plaintiff had plausible claims for deliberate indifference against each of the new nurse Defendants he sought to add to his Complaint (Doc. 67, p. 2).  The Court therefore allowed Plaintiff leave to submit a proposed Third Amended Complaint (the subject of the R&R discussed herein), in order to try to correct these deficient allegations.  The Court now finds, in reviewing the allegations of deliberate indifference in Count 1 of Plaintiff's proposed Third Amended Complaint, Plaintiff has not further specified his allegations to demonstrate individual liability on behalf of the proposed nurse Defendants he seeks to add.  Therefore, the Court cannot deem it "just" to allow Plaintiff leave to file his proposed Third Amended Complaint to add these new nurse Defendants, as he does not offer a valid theory of individual liability on the part of these proposed new Defendants. **See *Jafree v. Barber*, 689 F.2d 640, 644 (7th Cir. 1982) (finding that district court did not abuse its discretion in denying the plaintiff leave to amend, given that the amended claim was legally deficient)**.

The Court finds that Plaintiff has not made a specific objection regarding the R&R's finding that Plaintiff's proposed reinstatement and amendment of his Rehabilitation Act claim in Count 2 be denied for his failure to address any

reconsideration grounds.  Therefore, the Court will adopt this portion of the R&R without further discussion.

### IV. Conclusion

For the reasons herein, the Court hereby **ADOPTS** the findings and conclusions of the R&R (Doc. 80), thereby **DENYING** Plaintiff's Motions for Leave to Amend Complaint (Docs. 60 & 65), although it does not find applicability of the relation back doctrine in Rule 15(c) proper in this instance.  It also **DISMISSES WITHOUT PREJUDICE** the Unknown Parties for lack of timely service of process pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 4(m)**.

**IT IS SO ORDERED**.

Signed this 29th day of September, 2010.

/s/     David R Herndon

**Chief Judge**
**United States District Court**