IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HENRY MOUNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.   08-cv-760-DRH-PMF |
| | ) |
| ROBERT S. FREY, et al., | ) |
| | ) |
| Defendants. | ) |

### REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court are motions for summary judgment (Doc. Nos. 74, 76) and a motion for a temporary restraining order (Doc. No. 124). Plaintiff Henry Mounson is an inmate confined at Tamms Correctional Center. When Mounson's pro se pleading was screened pursuant to 28 U.S.C. § 1915A, his claims were broken down into two Counts. A claim brought under the Rehabilitation Act (Count 2) was dismissed (Doc. No. 6). The remaining § 1983 claim (Count 1) survived threshold review and was later amended to add new defendants (Doc. Nos. 36, 37). Count 1 is based on allegations that Mounson was deprived of adequate medical care in violation of his Eighth Amendment right to be free from cruel and unusual punishment. Specifically, Mounson alleges that the following individuals responded with deliberate indifference to his need for prescribed radiation treatment of throat cancer:

| | | |
|---|---|---|
| Dr. Marvin Fisher Powers | Kimberly Baskin | Robert Shelton Frey |
| Dr. Claudia Kachigian | Kristin Dawn Hammersley | Terry E. Caliper |
| Scott Murray | Terry L. McCann | Greg Pattison |
| Katherine Jane Clover | Gregory Lambert | Eddie Jones |
| Cheryl K. Couch | Kenneth G. Bartley | |
| Wanda R. Evans | Jay Merchant | |

(Doc. Nos. 6, 36, 37). All defendants seek judgment in their favor on their affirmative defense of failure to exhaust administrative remedies.[1]

## I.   Summary Judgment

Summary judgment is proper where admissible evidence shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). A genuine issue of material fact arises when the facts and reasonable inferences drawn in favor of the nonmoving party would permit a jury to return a verdict for that party. *Faas v. Sears, Robuck & Co.*, 532 F.3d 633, 640-41 (7th Cir. 2008).

## II.   Exhaustion of Administrative Remedies

The Prison Litigation Reform Act requires Mounson to exhaust available administrative remedies before filing a § 1983 lawsuit. 42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 84 (2006); *Booth v. Churner*, 532 U.S. 731 (2001). Exhaustion means properly and timely taking each step in the administrative process established by state system. *Jones v. Bock*, 549 U.S. 199, 218 (2007). The Court must resolve this defense before reaching the merits of Mounson's deliberate indifference claim. *Pavey v. Conley*, 544 F.23d 739, 741 (7th Cir. 2008).

The grievance process for Illinois prisoners may be summarized as follows. A prisoner first submits a grievance to a counselor. If the prisoner is not satisfied with the counselor's effort to resolve the problem, he may then submit a formal grievance to the prison's grievance officer. If known, the name of the individual involved is to be provided. Otherwise, the inmate must include as much descriptive information about the individual as possible. The grievance officer then reviews the

---

[1] While discussing two of Mounson's grievances, some defendants suggest that a portion of Count 1 is barred by the statute of limitations (Doc. No. 74, pp. 7-8). Because this position is not clearly advanced as a separate ground for summary judgment, the statute of limitations defense is not evaluated in this Report.

grievance and forwards a recommendation to the warden. The warden makes the final decision at the institutional level. If the prisoner is not satisfied with the warden's decision, he may appeal to the director. Appeals to the director are addressed to the Administrative Review Board (ARB). The director, acting through the ARB, makes the final decision. 20 Ill. Admin. Code Pt. 504.

In evaluating Mounson's use of the grievance process, it is helpful to take note of the particular allegations supporting Mounson's deliberate indifference claim. Mounson alleges that he was diagnosed with throat cancer in June, 2008, and was scheduled to receive 37 radiation treatments between July and September, 2008. Mounson further alleges that episodes of harassment and falsification of medical reports prevented him from receiving 10 of the 37 scheduled radiation treatments. Accordingly, when evaluating the merit of the affirmative defense, the Court will focus on any grievance describing interference with radiation treatments between July and September, 2008. Because facts relevant to the merits of the affirmative defense are not in dispute, the Court has not scheduled an evidentiary hearing.

### III.   Parties' Positions

The defendants concede that Mounson filed grievances regarding aspects of his medical care and processed a number of grievances through the last step of the appeal process. They argue that the completed grievances do not satisfy the exhaustion requirement because Mounson did not include the level of factual specificity required by prison regulations or did not raise his concerns about the particular conduct at issue: interference with prescribed radiation treatments (Doc. No. 74, pp. 7; Doc. No. 76, p. 5).

Mounson's response is two-fold. First, he claims that summary judgment is unwarranted because the pleadings are unsettled (Doc. No. 83). At the time this argument was made, Mounson had submitted a proposed Third Amended Complaint, which – if filed – would have superceded his First

Amended Complaint.  The Court will deny or continue summary judgment proceedings when an affidavit on file shows that a party cannot present essential facts in opposition to the motion.  Fed. R. Civ. P. 56(f).  Efforts to revise pleadings do not necessarily interfere with the presentation of evidence or the adjudication of summary judgment motions.  Rather, such motions may be decided based on the pleadings and other materials then on file.  Fed. R. Civ. P. 56(c).  Accordingly, this argument lacks merit.

Alternatively, Mounson argues that his failure to properly utilize the prison's grievance process in a timely manner was justified.  First, he generally describes symptoms of sickness, pain, and delirium (Doc. No. 116, p. 1).  Inmates are only required to exhaust administrative remedies that are available, meaning that the process was in reality open for the prisoner to pursue.  *Woodford v. Ngo*, 548 U.S. at 102; *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006).

Mounson's suggestion that he was incapacitated by symptoms is not supported by affidavit or other competent evidence and must be rejected.  The only support for this position appears to be a medication flow sheet (Doc. No. 116, pp. 19-20) demonstrating that Drs. David, Powers and Kachigian prescribed various medications during the period of time when Mounson could have prepared, filed and processed a timely grievance regarding his interference with prescribed radiation treatments claim.  The medication flow sheet does not support a reasonable inference that Mounson lacked the ability to prepare and file a grievance due to persistent and severe physical or mental symptoms.

Mounson also argues that he was unable to process a timely grievance due to restricted access to important medical records (Doc. No. 116, p. 1).  This argument is based on a clinical record nondisclosure certification signed by defendant Clover on August 8, 2008. The certification establishes that Mounson made an effort to obtain copies of medical and mental health records and that access to some information was blocked (Doc. No. 116, p. 9).  The document does not reasonably permit an inference that Mounson was unable to file and process a grievance because he was deprived of access

to crucial details about the missed radiation treatments. While Mounson may have preferred to have complete records in front of him before preparing his grievance, this was not a prerequisite. As noted above, the applicable prison rules required Mounson to give as much descriptive information as possible about individuals he could not name in his grievance.

Finally, Mounson argues that he exhausted his administrative remedies with respect to a different issue (pertaining to antibiotic treatment of his bacterial throat infection). He also relates problems with nonparties. These discussions are not responsive to the issues presented.

### IV.     Grievances filed in 2005 and 2007

Mounson prepared and filed grievances on the following dates:

January 15, 2005
June 3, 2005
August 18, 2005
September 6, 2005
December 28, 2007

(Doc. No. 76-1, pp. 7-9, 12, 16-17, 20-21).

While these grievances include statements describing instances of deficient medical attention, they predate the events giving rise to Mounson's deliberate indifference claim. Because the 2005 and 2007 grievances did not reasonably alert prison officials to the particular conduct at issue in this case, they do not satisfy the statutory exhaustion requirement.

### V.     Grievance filed on July 1, 2008

In this grievance, Mounson complained that he had received confusing information regarding the nature of his throat ailment. He described ineffective treatment of symptoms of throat pain and made the following statement:

> If by chance I do have cancer and need radiation and chemotherapy treatment, being very weak and sickly, I know from my 2004, bacterial infection how I'll be mistreated and allowed to suffer unnecessary pain.

(Doc. No. 76-1, pp. 24-25). Prison officials reviewing these comments would not reasonably understand that prison employees were interfering with prescribed radiation treatments. Hence, this grievance does not satisfy the statutory exhaustion requirement.

### VI. Grievance filed on December 18, 2008

In this grievance, Mounson complained about a number of incidents occurring between November 26 and December 16, 2008. He claimed to be suffering from the after effects of radiation treatment but did not describe any conduct which might reasonably be viewed as interference with those treatments (Doc. No. 76-1, pp. 27-29).

### VII. Grievance filed on June 8, 2009

Mounson filed this grievance claiming, in part, that he was disciplined, maced, and discouraged from taking radiation treatments. While Mounson did obtain a decision from the grievance officer, there is no indication that he took the last step by appealing the grievance officer's decision to the ARB. Moreover, this grievance was presented to prison officials well after Mounson filed this suit raising his § 1983 claim (on October 30, 2008). Accordingly, this evidence does not permit a finding that administrative remedies were exhausted *before* litigation on Count 1 commenced.

### VIII. Temporary Restraining Order

Plaintiff seeks a temporary restraining order, claiming that the defendants and their agents are involved in a conspiracy to take his life. He states that prison staff refused to provide effective treatment for Hepatitis C, isolated him in an elevated security wing, added substances to his food and medicine, caused his throat to become infected with a bacterial agent, gave him false and conflicting information about his ailments, used radiation to burn holes in his neck, falsified his medical records, subjected him to constant harassment, made insolent remarks in an effort to provoke a response,

subjected him to excessive force and chemical agents, exposed him to very cold temperatures, and destroyed his personal property and mail.  He seeks an order directing the defendants to arrange a transfer to Dixon Psychiatric Center pending the conclusion of this litigation.

In order to succeed on a motion for a temporary restraining order, plaintiff must demonstrate that:  (1) no adequate remedy at law exists;  (2) he will suffer irreparable harm if the injunction is not granted;  (3) the irreparable harm he will suffer outweighs the harm to the defendants if the injunction is granted;  (4) he has a reasonable likelihood of prevailing on the merits;  and (5) the injunction will not harm the public interest.  *Joelner v. Vill. of Washington Park, Illinois*, 378 F.3d 613, 619 (7th Cir. 2004).  Plaintiff has the burden of proof to make a clear showing that he is entitled to a TRO.  *Goodman v. Illinois Dep't of Fin. and Prof'l Regulation*, 430 F.3d 432, 437 (7th Cir. 2005).  Any injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm, and be the least intrusive means necessary to correct the harm.  18 U.S.C. § 3626(a)(2).

Plaintiff has not demonstrated that there is no adequate remedy at law and presents no competent evidence that he will suffer irreparable harm at Tamms, where he has been confined for many years.  In light of the finding that Mounson's § 1983 claim should be dismissed for failure to exhaust administrative remedies, it is unlikely that Mounson will prevail on the merits of his substantive claim.  There is no evidence that the public interest will not be harmed if Mounson is transferred from Tamms to a less secure prison facility.  Finally, the proposed relief is not narrowly drawn.  A temporary restraining order is not supported in these circumstances.

### IX.   Conclusion

The defendants have shown that Mounson failed to exhaust his administrative remedies before he filed his § 1983 claim based on interference with prescribed radiation treatments for throat cancer.

IT IS RECOMMENDED that the defense motions for summary judgment (Doc. Nos. 74, 76) be GRANTED and that plaintiff's remaining claim (Count 1) be DISMISSED without prejudice.  IT IS FURTHER If this recommendation that plaintiff's motion for a temporary restraining order (Doc. No. 124) be DENIED.

    If these recommendations are adopted, no issues will remain for decision.

    **SUBMITTED:   December 15, 2010  .**

                                                  S/Philip M. Frazier
                                                **PHILIP M. FRAZIER**
                                                **UNITED STATES MAGISTRATE JUDGE**