UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HENRY MOUNSON,<br><br>   Plaintiff,<br><br>  v.<br><br>ROBERT E. WALKER, JR. *et al.*,<br><br>   Defendants. | Case No. 08-cv-760-JPG-PMF |

**MEMORANDUM AND ORDER**

This matter comes before the Court on the Report and Recommendation ("Report") (Doc. 52) of Magistrate Judge Philip M. Frazier recommending that the Court grant the defense motions for summary judgment for failure to exhaust available administrative remedies as required by 42 U.S.C. § 1997e(a) (Docs. 74 & 76), dismiss Count 1 without prejudice and deny plaintiff Henry Mounson's motion for a temporary restraining order ("TRO") (Doc. 124). Mounson has objected to the Report (Docs. 134, 138 & 140), the defendants have responded to his objection (Doc. 136), and Mounson has replied to their response (Doc. 141).

**I. Report and Recommendation Review Standard**

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

**II. The Report**

Mounson was an inmate at Tamms Correctional Center ("Tamms") at all relevant times.

He complains that the defendants remaining in this case were deliberately indifferent to his serious medical need for radiation treatment for his throat cancer in violation of the Eighth Amendment.

The Report finds that Mounson filed a number of grievances but that they all either (1) preceded his course of radiation treatment so could not reasonably alert prison officials to interference with that treatment, (2) could not be reasonably construed as complaining of interference with his radiation treatment, (3) were not appealed to the highest administrative level as required by Illinois Department of Corrections ("IDOC") regulations and/or (4) were filed after Mounson filed this lawsuit. Accordingly, Magistrate Judge Frazier found Mounson had not exhausted his administrative remedies prior to filing suit and, accordingly, recommended dismissal without prejudice.

The Report also found Mounson had not established an adequate basis for a TRO compelling IDOC to transfer him to another institution because he had not shown there was no adequate remedy at law for wrongs to him, he would suffer irreparable harm in the absence of a transfer, he had a chance of success on the merits of his claims, the public interest would be harmed absent a transfer; or the TRO he seeks is narrowly drawn. Magistrate Judge Frazier therefore recommended the Court deny Mounson's motion for a TRO.

### III.    Objections

In Mounson's various filings objecting to the Report and to the defendants' response to his original objection, he raises a number of arguments, none of which address the Report's recommendation on Mounson's motion for a TRO. The Court has reviewed the entire file and finds that the Report is not clearly erroneous with respect to its treatment of the motion for a TRO and, accordingly, the Court will adopt the Report as to that motion.

With respect to the Report's treatment of the defendants' motion for summary judgment. Mounson first argues the Court was in error (Doc. 131) by denying his November 10, 2010, motion (Doc. 121) for leave to amend his complaint to add new defendants and modify the factual basis underlying Mounson's deliberate indifference claim. That amended complaint, Mounson argues, would have raised different claims (e.g., deliberate infection with a bacterial agent, incorrect diagnosis, deliberate indifference to a throat infection) that he had exhausted before filing this lawsuit. While Mounson might have been correct that a further amended complaint alleging a different cause of action could have survived an exhaustion challenge, *see Barnes v. Briley*, 420 F.3d 673, 678 (7th Cir. 2005), that proposed pleading was not allowed and is not the operative complaint in this case. Magistrate Judge Frazier rightly refused to allow Mounson to amend his complaint because the interests of justice did not require it and because it would unduly delay the resolution of this case. *See* Fed. R. Civ. P. 15(a)(2). Indeed, he sought to amend his complaint more than two years after filing this lawsuit and more than a year after receiving a document he claims revealed the true nature of his claim. Magistrate Judge Frazier also noted that Mounson was free to file a new lawsuit containing his new claims. As for the claim that *was* pled, interference with Mounson's radiation treatments, for the reasons stated in the Report, Mounson has failed to exhaust his administrative remedies.

Mounson also argues the Report was in error by finding the grievances he filed were not sufficient to reasonably be construed to complain of a lack of radiation treatment. In support of this position, Mounson cites *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005), for the proposition that a grievance need not be specific as to its subject matter so long as it objects intelligently to some shortcoming. Mounson misses the critical fact that IDOC has changed its regulations since the grievance at issue in *Cannon* and, at the time of Mounson's grievances,

3

required a grievance to "contain factual details regarding each aspect of the offender's complaint, including what happened, when, where, and the name of each person who is the subject of or who is otherwise involved in the complaint. . . . [or] as much descriptive information about the individual as possible." 20 Ill. Admin. Code § 504.810(b). In order to satisfy the exhaustion requirement of 28 U.S.C. § 1997e(a), a prisoner's grievance and appeal must "contain the sort of information that the administrative system requires." *Strong v. David*, 297 F.3d 646, 649 (7th Cir. 2002). Under this standard, none of Mounson's grievances can be said to have adequately raised the issue of interference with radiation treatments.

The remainder of Mounson's arguments do not challenge the findings and recommendations in the Report or simply repeat arguments addressed in the Report. The Court has reviewed the exhaustion issue *de novo* and, for the reasons stated in the Report, finds that the Report was correct.

### IV.    Conclusion

For the foregoing reasons, the Court:

- **ADOPTS** the Report (Doc. 130) in its entirety;

- **GRANTS** the defense motions for summary judgment for failure to exhaust available administrative remedies as required by 42 U.S.C. § 1997e(a) (Docs. 74 & 76);

- **DISMISSES** Count 1 without prejudice;

- **DENIES** Mounson's motion for a temporary restraining order ("TRO") (Doc. 124); and

- **DIRECTS** the Clerk of Court to enter judgment accordingly

**IT IS SO ORDERED.**
**DATED:  February 15, 2011**

                                              s/ J. Phil Gilbert
                                              **J. PHIL GILBERT**
                                              **DISTRICT JUDGE**