UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HENRY MOUNSON,<br><br>      Plaintiff,<br><br>    v.<br><br>ROBERT E. WALKER, JR. *et al.*,<br><br>      Defendants. | Case No. 08-cv-760-JPG-PMF |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on plaintiff Henry Mounson's "Motion to establish Equitable Estoppel and to establish court's bias" (Doc. 169) and "Motion to receive all documents from the Southern district court and the Seventh circuit court of Appeals of the above titled cause" (Doc. 180).  Mounson filed this case in October 2008 (Doc. 1), and in February 2011, the Court entered judgment dismissing the case because Mounson, a prisoner, did not exhaust his administrative remedies before filing suit (Doc. 146).  Mounson appealed the Court's judgment to the United States Court of Appeals for the Seventh Circuit (Doc. 147), which affirmed the Court's judgment in November 2011 and issued the mandate in December 2011 (Doc. 179).  Mounson has not filed a petition for a writ of *certiorari* to the United States Supreme Court.

**I.**     **"Motion to establish Equitable Estoppel and to establish court's bias" (Doc. 169)**

In this filing, Mounson appears to ask the Court to apply the doctrine of equitable estoppel to the merits of his case and to excuse his failure to exhaust administrative remedies.  Mounson also complains about the counsel the Court appointed to represent Mounson in the case while it was pending before the Court and asks for appointment of new counsel.

Mounson no longer has any matter before this Court, and the Court has no jurisdiction to enter any further rulings touching on the resolution of this case or appointing counsel.

Accordingly, the Court **DISMISSES** Mounson's motion (Doc. 169).

II.     **Motion to receive all documents from the Southern district court and the Seventh circuit court of Appeals of the above titled cause (Doc. 180)**

In this filing, Mounson asks the Court for free copies of all documents and exhibits in the District Court and the Court of Appeals files so that he may file a petition for a writ of *certiorari* to the Supreme Court.

Parties have no constitutional right to a complimentary copy of any document in their court files. *See United States v. Groce*, 838 F. Supp. 411, 413, 414 (E.D. Wis. 1993). Before providing copies free of charge, a district court may require the requestor to show: (1) that he has exhausted *all* other means of access to his files, (2) that he is financially unable to secure access to his court files (*i.e.*, through a showing similar to that required in 28 U.S.C. § 1915(a)(2) which includes a certified copy of the prisoner's trust account for the previous six-month period prior to filing), and (3) that the documents requested are necessary for the preparation of some specific non-frivolous court action. *See United States v. Wilkinson*, 618 F.2d 1215, 1218-19 (7th Cir. 1980); *Rush v. United States*, 559 F.2d 455, 459 (7th Cir. 1977); *Groce*, 838 F. Supp. at 413-14. These minimal requirements do not impose any substantial burden to financially unable prisoners who desire their records be sent to them at government expense.

As a preliminary matter, the Court does not have copies of the documents in the Court of Appeals file, so it is unable to copy those documents and send them to Mounson.

As for the documents in the District Court file, Mounson authored, submitted or was served with every document at some point in this litigation. He has not shown why he is unable to access those documents at this time. Furthermore, he has not shown he is financially unable to pay for a copy of his file for the Clerk of Court's current copying charge of fifty cents per page. Most

importantly, Mounson has not shown why he needs a copy of *the entire District Court file* in order to file a petition for a writ of *certiorari* or that such a petition would not be frivolous.  For these reasons, the Court **DENIES without prejudice**  Mounson's motion (Doc. 180).

**IT IS SO ORDERED.**
**DATED:  December 28, 2011**

                                            s/ J. Phil Gilbert
                                            **J. PHIL GILBERT**
                                            **DISTRICT JUDGE**