UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

HENRY MOUNSON,

        Plaintiff,

   v.                               Case No. 08-cv-760-JPG-PMF

ROBERT E. WALKER, JR. *et al.*,

        Defendants.

## MEMORANDUM AND ORDER

This matter comes before the Court on a variety of motions filed by plaintiff Henry Mounson:

- Motion requesting that judges of the district stop playing their childish preschool games by misapplying to evidence or equitable estoppel doctrine (Doc. 183);

- Motion for reconsideration of appointment of counsel (Docs. 185 & 194);

- Motion for extension of time to file petition for leave to appeal court decision of November 22, 2011 (Doc. 186);

- Motion to show that plaintiff's claims has merit and the Southern District Court did indeed abused its discretion by not accepting my supplemental pleadings motions and to farther amend my complaint, adding/suing new parties (Doc. 188);

- Motion conforming to motion for relief from judgment (Doc. 189); and

- Motion to show defendants exploited the exhaustion requirement (Doc. 191);

The Court dismissed this case on February 15, 2011, for failure to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a).  Mounson appealed, and the Court of Appeals affirmed this Court's judgment on November 22, 2011.  Mounson did not seek a writ of *certiorari* from the United States Supreme Court.  This case is over.  Nevertheless, Mounson continues to bombard the Court with motions.  The Court disposes of the motions as follows:

Documents 183, 188, 189 and 191

These motions assert that the Court erred in its disposition of this case. The Court construes the motions as motions for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). It is well settled that Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances. *McCormick v. City of Chicago*, 230 F.3d 319, 327 (7th Cir. 2000) (citing *Dickerson v. Board of Educ.*, 32 F.3d 1114, 1116 (7th Cir. 1994)). Rule 60(b) allows a court "to address mistakes attributable to special circumstances and not merely to erroneous applications of law." *Russell v. Delco Remy Div. of General Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). The rule authorizes a Court to grant relief from judgment for the specific reasons listed in the rule but does not authorize action in response to general pleas for relief. *See Young v. Murphy*, 161 F.R.D. 61, 62 (N.D. Ill. 1995). It is also not an appropriate vehicle for addressing simple legal error, for rehashing old arguments, or for presenting arguments that should have been raised before the court made its decision. *Russell*, 51 F.3d at 749; *Rutledge v. United States*, 230 F.3d 1041, 1052 (7th Cir. 2000); *Young*, 161 F.R.D. at 62; *In re Oil Spill by "Amoco Cadiz,"* 794 F. Supp. 261, 267 (N.D. Ill. 1992), *aff'd*, 4 F.3d 997 (7th Cir. 1993) (Table). Mounson has not presented any reason justifying relief under Rule 60(b). Accordingly, the motions (Docs. 183, 188, 189 & 191) are therefore **DENIED**.

Documents 185 and 194

These motions request appointment of counsel. This case is over, and Mounson has no need for counsel to represent him in it. The motions (Docs. 185 & 194) are therefore **DENIED**.

Document 186

This motion asks for an extension of time to file a petition for rehearing in the Court of Appeals. This Court has no authority to extend this deadline in the Court of Appeals.

Accordingly, the Court **DISMISSES** the motion (Doc. 186).

The Court **WARNS** Mounson that his post-judgment filings are becoming excessive and that if he continues to file motions that are frivolous, the Court will consider imposing filing restrictions on him.  This case is over, and unless he has a legitimate basis for seeking relief from judgment under one of the specific categories listed in Rule 60(b), he should stop filing motions in this case.

**IT IS SO ORDERED.**
**DATED:  March 20, 2012**

                                        s/ J. Phil Gilbert
                                        **J. PHIL GILBERT**
                                        **DISTRICT JUDGE**